**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAUREN DAWIDOICZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RUTGERS UNIVERSITY, et al.,<br><br>Defendants. | Civil Action No. 18-3285 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Manville Board of Education and Nancy Kessler's (collectively, "Manville Defendants") Motion to Dismiss (ECF No. 54) and Defendants Eden Autism Services and Rachel Tait's (collectively, "Eden Defendants") Motion to Dismiss[1] (ECF No. 58) the Second Amended Complaint ("SAC," ECF No. 53). Pro se plaintiff Lauren Dawidoicz, on behalf of herself and as guardian to C.F. (collectively, "Plaintiffs"), opposed the Motions (ECF Nos. 60, 62), and Manville Defendants replied (ECF No. 61). The Court has carefully considered the arguments and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, the Court grants Eden Defendants' Motion to Dismiss and grants in part and denies in part Manville Defendants' Motion to Dismiss.

---

[1] Eden Defendants adopted all arguments within Manville Defendants' Motion. (Eden Defs.' Moving Br. 6, ECF No. 58.) Where applicable, the Court refers to Manville Defendants and Eden Defendants collectively as "Defendants."

## I. BACKGROUND[2]

On November 6, 2017, Plaintiffs initiated an action against Eden Autism Services in the Superior Court of New Jersey, Mercer County (the "Superior Court Action"). (*See generally* Compl., *Dawidoicz v. Eden Autism Services*, MER-L-002553-17 (N.J. Super. Ct. Nov. 6, 2017), Ex. A to Crocker Certif., ECF No. 39-1 at *4–6.)[3] Plaintiffs alleged that: (1) "Eden misrepresented what the school does," (*id.* at 1); (2) "[Eden] didn't give [C.F.] an appropriate education," (*id.*); (3) Eden forced C.F. to use an iPad, which led Ms. Dawidoicz to "pull [C.F.] from the school," (*id.* at 1–2); (4) Eden called Rutgers DDDC and defamed Ms. Dawidoicz, (*id.* at 2); (5) Eden called the Division of Family Services and slandered Ms. Dawidoicz, (*id.*); and Eden intimidated Ms. Dawidoicz with cease and desist letters, (*id.*). The Superior Court granted summary judgment in favor of Eden Autism Services on July 5, 2019 and dismissed Plaintiffs' claims. (Summ. J. Order, Ex. A to Jan. 2, 2020 Crocker Certif., ECF No. 58-1 at *4; *see also* Tr. of Mot. 36, Ex. B to Jan. 2, 2020 Crocker Certif., ECF No. 58-1 at *6–25.)

Plaintiffs' First Amended Complaint before this Court alleged the following claims against Manville Board of Education and Eden Autism Services: (1) negligent misrepresentation for failure to properly investigate; (2) breach of contract for excluding C.F. from the program and withholding activities while C.F. was in the program; (3) violation of C.F.'s right to a free appropriate public education ("FAPE"); (4) educational and professional malpractice violating C.F.'s right to a free appropriate public education; (5) emotional distress; (6) discrimination based on sexual orientation; (7) harassment; and (8) defamation. (First Am. Compl. 9–10.) The Court

---

[2] The SAC alleges the same factual circumstances as the First Amended Complaint. (*Compare* First Am. Compl., ECF No. 28, *with* SAC.) The Court adopts the factual background as recited in its October 31, 2019 Memorandum Opinion (the "First Opinion," ECF No. 49) and only provides additional background information where necessary for the instant motions.

[3] Page numbers preceded by an asterisk refer to the page number in the ECF header.

2

dismissed Plaintiffs' claims seeking relief for the denial of a FAPE because Plaintiffs failed to exhaust the administrative remedies available pursuant to the Individuals with Intellectual Disabilities Act ("IDEA"). (First Op. 8; *see* Oct. 31, 2019 Order ¶¶ 1–2, ECF No. 50.) The Court granted Plaintiffs "a final opportunity to amend their complaint to plead a basis for subject matter jurisdiction." (First Op. 8.)

Plaintiffs filed the SAC, asserting the following claims, some for the first time: (1) "Retaliation and Discrimination for exercising First Amendment rights advocating for C.F."; (2) "Discrimination and Violating Constitutional rights to equal protection based on Sexual Orientation of [Ms.] Dawidoicz"; (3) "Conspiracy with specific and malicious intent to cause harm to both Plaintiffs"; (4) "Negligent Misrepresentation for failure to properly investigate"; (5) "Intentional Misrepresentation for failure to properly investigate"; (6) negligent supervision; (7) "Retaliation for exercising First Amendment rights with Facebook post"; (8) defamation; (9) false light; (10) "Intentional infliction of emotional distress [as] to both Plaintiffs"; (11) "Harassment and Intimidation"; (12) "Sexual Harassment." (SAC 9–10.)

Defendants now move to dismiss the SAC for lack of subject matter jurisdiction, again asserting that the gravamen of Plaintiffs' complaint seeks relief for the denial of a FAPE and that Plaintiffs failed to exhaust administrative remedies. (Manville Defs.' Moving Br. 19–34.) Defendants also move to dismiss Plaintiffs' claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 34–37.) Finally, Eden Defendants move to dismiss Plaintiffs' claims because they are precluded by the litigation in the Superior Court Action. (Eden Defs.' Moving Br. 6–10.)

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A motion to dismiss pursuant to Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists. *Mortenson*, 549 F.2d at 891; *see also Cardio-Medical Assocs. Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983).

A factual attack under Rule 12(b)(1) challenges the very power of a district court to hear a case, independent of the pleadings. *Mortensen*, 549 F.2d at 891. When evaluating a factual challenge, a court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Unlike a facial analysis, no presumption of truth attaches to plaintiff's allegations in a factual challenge and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Furthermore, in a factual challenge, the plaintiff bears the burden of establishing that jurisdiction exists. *Id.*

### B. Rule 12(b)(6)

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

4

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "[review] the complaint to strike conclusory allegations[.]" *Id.* The court must accept as true all the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

Where a plaintiff proceeds pro se, the complaint must be "liberally construed" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). But a pro se litigant "is not absolved from complying with *Twombly* and the federal pleading requirements merely because [the litigant] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

## III. DISCUSSION

### A. The Court has Subject Matter Jurisdiction.

Defendants assert this Court lacks subject matter jurisdiction over Plaintiffs' claims because the gravamen of Plaintiffs' SAC seeks relief for the denial of a FAPE and Plaintiffs failed to exhaust the administrative remedies under the IDEA. (Manville Defs.' Moving Br. 21–33.)

To determine whether the gravamen of the complaint concerns the denial of a FAPE, the Court must consider: (1) "could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school"; and (2) "could an adult at the school . . . have pressed essentially the same grievance?" *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 756 (2017). "When the answer to those questions is yes, a complaint that does not expressly allege the denial of a FAPE is also unlikely to be truly about that subject." *Id.* "But when the answer is no, then the complaint probably does concern a FAPE, even if it does not explicitly say so." *Id.*; *see also Wellman v. Butler Area Sch. Dist.*, 877 F.3d 125, 133 (3d Cir. 2017) (holding that *Fry* requires review of "both the entire complaint and each claim to determine if the plaintiff seeks relief for the denial of a FAPE").

The Court addressed Defendants' argument in its First Opinion. There, the Court dismissed "Plaintiffs' claims seeking relief for '[v]iolation of [C.F.'s] civil rights to a . . . FAPE' and relief for '[m]alpractice for violating [C.F.'s] FAPE rights,'" because "Plaintiffs failed to exhaust the administrative mechanism for their claims seeking relief for the denial of a FAPE." (First Op. 7.) The Court then held that "the gravamen of Plaintiffs' state-law claims for negligent misrepresentation, breach of contract, emotional distress, discrimination, harassment, and defamation do not relate to the denial of a FAPE." (*Id.*) The Court found that "[t]hese claims seek relief for the harms suffered by Ms. Dawidoicz and relate only tangentially to C.F.'s education, if at all." (*Id.* at 7–8.) Accordingly, those claims alleging harm to Ms. Dawidoicz—not seeking relief

6

for the denial of a FAPE for C.F.—were not subject to the IDEA's exhaustion requirement, and the Court declined to dismiss Plaintiffs' remaining claims for lack of subject matter jurisdiction.

The same goes for Plaintiffs' claims in the Second Amended Complaint. Most of Plaintiffs' claims in the SAC do not concern the denial of a FAPE and, therefore, do not fall within the scope of the IDEA. Plaintiffs' claims of harassment, discrimination, and retaliation in violation of Ms. Dawidoicz's First Amendment rights seek relief for harm alleged against Ms. Dawidoicz—not her son. Under the first prong of the *Fry* test, Ms. Dawidoicz could assert claims—such as retaliation for exercising First Amendment rights, defamation, false light, intentional infliction of emotional distress, and others—if Defendants' conduct occurred at some public facility that is not a school. "[A]fter all, in th[ese] situations there is no FAPE obligation . . . ." *Fry*, 137 S. Ct. at 756. The second prong of the *Fry* test—which asks "could an adult. . . have pressed essentially the same grievance"—further illustrates why Defendants' exhaustion argument is misplaced. Ms. Dawidoicz *is* an adult. Therefore, Ms. Dawidoicz's claims arising out of harm she allegedly suffered cannot seek relief for a denial of a FAPE because, as an adult, she was not entitled to a FAPE and not denied a FAPE.

To the extent Plaintiffs seek relief for denial of a FAPE for C.F., those claims are dismissed for failure to exhaust administrative remedies consistent with the Court's First Opinion. Plaintiffs' Second Amended Complaint specifies only two claims related to both Plaintiffs: "Conspiracy with specific and malicious intent to cause harm to both Plaintiffs" and "Intentional infliction of emotional distress." (SAC 9–10.) The Court finds that the only factual allegations of harm suffered by C.F. in the Second Amended Complaint relate to his being denied a FAPE. Accordingly, all Plaintiffs' claims are dismissed as they relate to C.F.

Although Plaintiffs' claims under the IDEA are dismissed, the Court retains subject matter jurisdiction here because Ms. Dawidoicz asserts claims alleging deprivations of rights secured by

7

the United States Constitution. (*See* SAC 9.) The Court also has diversity jurisdiction because Plaintiff is a citizen of New York, Defendants are citizens of New Jersey, and Plaintiffs plead the amount in controversy exceeds $75,000.00. (SAC 2, 10.)

### B. Plaintiffs' Claims Against Eden Defendants are Barred by the Entire Controversy Doctrine.

Eden Defendants argue Plaintiffs' claims against them must be dismissed because those claims "arise out of the same set of facts asserted in [the Superior Court Action]." (Eden Defs.' Moving Br. 6.) Eden Defendants argue all claims against them are barred by either claim preclusion, issue preclusion, or New Jersey's Entire Controversy Doctrine. (*Id.* at 7–9.)

Under the Full Faith and Credit statute, "judicial proceedings of any court of any such State . . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. "In other words, a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give." *Rycoline Prods., Inc. v. C&W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997) (internal quotation marks and citation omitted).

Accordingly, a federal court "is bound by New Jersey's Entire Controversy Doctrine, an aspect of the substantive law of New Jersey." *Id.* The New Jersey Supreme Court has described the Doctrine's purpose as threefold: "(1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay." *DiTrolio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995) (citation omitted). The Doctrine "compels the parties, when possible, to bring all claims relevant to the underlying controversy in one legal action. When the court finds that a claim not joined under the original action falls within the scope of the doctrine, that claim is barred." *Coleman v. Chase Home Fin., LLC*, 446 F. App'x 469, 471 (3d Cir. 2011) (citing N.J. Ct. R. 4:30A). "New Jersey courts have held that the primary

8

consideration in determining if successive claims are part of the same controversy is whether the claims 'arise from related facts or from the same transaction or series of transactions.'" *Id.* at 471–72 (quoting *DiTrolio*, 662 A.2d at 502). "It is a 'commonality of facts, rather than a commonality of issues, parties, or remedies that defines the scope of the controversy.'" *Id.* at 472 (quoting *DiTrolio*, 662 A.2d at 504).

Here, the Court finds that Plaintiffs' claims against Eden Defendants are barred by the Entire Controversy Doctrine and must be dismissed. In the Superior Court Action, Plaintiffs alleged the following: (1) "Eden misrepresented what the school does," (Super. Ct. Action Compl. 1); (2) "[Eden] didn't give [C.F.] an appropriate education," (*id.*); (3) Eden forced C.F. to use an iPad, which led Ms. Dawidoicz to "pull [C.F.] from the school," (*id.* at 1–2); (4) Eden called Rutgers DDDC and defamed Ms. Dawidoicz, (*id.* at 2); (5) Eden called the Division of Family Services and slandered Ms. Dawidoicz, (*id.*); Eden intimidated Ms. Dawidoicz with cease and desist letters, (*id.*); and Eden negligently inflicted emotional distress, (*id.* at 3). The Court finds that Plaintiffs' claims against Eden in this matter arise from facts related to the Superior Court Action. Although Rachel Tait was not named as a defendant in the Superior Court Action and Plaintiffs' claims here are not identical to those in the Superior Court Action, the claims against Eden Defendants in this matter nevertheless arise from the same facts as those in the Superior Court Action. The Superior Court entered final judgment in that matter on July 5, 2019, dismissing all Plaintiffs' claims. (Summ. J. Order; *see also* Tr. of Mot. 36.) The Court, accordingly, must dismiss all claims against Eden Defendants here because these claims arise from the same facts as those in the Superior Court Action and thus are barred by the Entire Controversy Doctrine.

### C. Manville Defendants Fail to Meet Their Burden to Show that Plaintiffs Fail to State a Claim.

Manville Defendants argue that Plaintiffs' remaining claims not dismissed for failure to exhaust administrative remedies under the IDEA alternatively must be dismissed because Plaintiffs

9

fail to state a claim. (Manville Defs.' Moving Br. 34–36.) The Court recites the only paragraph Manville Defendants offer specifically addressing Plaintiffs' remaining claims:

> Plaintiffs' Second Amended Complaint asserts a number of counts against all defendants. None of these counts recite the elements of each claim. Moreover, there are no facts that can be gleaned from the pleadings supportive of any allegations that the Manville Defendants have violated any First Amendment Right of Plaintiffs, discriminated against Dawidoicz because of her sexual orientation in violation of the Fourteenth Amendment, defamed Plaintiffs, portrayed them in a false light, or intimidated or harassed Plaintiff as alleged. Even accepting as true all of the facts alleged, they are simply insufficient as a matter of law to support any of the causes of action asserted. Plaintiffs have merely set forth labels and conclusions that fail to support any reasonable inference that the Manville Defendants may be held liable for the harm alleged.

(Manville Defs.' Moving Br. 35–36.)

On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges*, 404 F.3d at 750. The Court finds that Manville Defendants' argument—which itself fails to recite the elements of any claim and offers mere conclusions devoid of analysis or discussion of the allegations—is insufficient to meet Manville Defendants' burden. Plaintiffs bring twelve claims supported by seven pages of factual allegations documenting events occurring over more than two years. (*See generally* SAC.) Manville Defendants may not baldly assert that every claim lacks sufficient factual allegations without any discussion of the elements of each claim or Plaintiffs' factual allegations. The Court, accordingly, denies Manville Defendants' Motion insofar as it seeks dismissal of Plaintiffs' claims for failure to state a claim.

## IV. **CONCLUSION**

The Court grants Eden Defendants' Motion to Dismiss because Plaintiffs' claims are either barred for failure to exhaust administrative remedies or barred by the Entire Controversy Doctrine. The Court grants Manville Defendants' Motion to Dismiss all claims on behalf of C.F. because

those claims allege the denial of a FAPE and Plaintiffs failed to exhaust administrative remedies, but otherwise denies Manville Defendants' Motion.

*/s/ Michael A. Shipp*

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE