**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LAUREN DAWIDOICZ, et al.,

        Plaintiffs,

v.

RUTGERS UNIVERSITY, et al.,

        Defendants.

Civil Action No. 18-3285 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon pro se Plaintiff Lauren Dawidoicz's, on behalf of herself and as a guardian to C.F. (collectively, "Plaintiffs") Motion for Leave to Appeal Order Dismissing Defendants Eden Autism Services and Rachel Tait (collectively, "Eden Defendants"). (ECF No. 74.) Eden Defendants opposed (ECF No. 76) and Plaintiffs replied (ECF No. 79) and submitted evidence in support of their Motion (ECF No. 81). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, the Court will deny Plaintiffs' Motion.

**I.    BACKGROUND**

On August 11, 2020, this Court granted Eden Defendants' Motion to Dismiss. (*See generally* Mem. Op., ECF No. 69.) The Court found that Plaintiffs' Individuals with Disabilities Education Act ("IDEA") claims against Eden Defendants were barred for failure to exhaust administrative remedies. (*Id.* at 7.) The Court found that the remainder of Plaintiffs' claims were barred by the Entire Controversy Doctrine. (*Id.* at 8–9.) In the Motion now before the Court,

Plaintiffs seek leave to appeal the August 11, 2020 Order and dispute the Court's findings in the August 11, 2020 Order.

First, Plaintiffs allege that the "Second Amended [C]omplaint makes no claims as to the IDEA" and therefore, Plaintiffs are not required to exhaust administrative remedies. (Mot. 8, ECF No. 74.) Plaintiffs further allege that Eden is a private school, not a public school, so the "only recourse [available] is through a state complaint procedure." (*Id.* (emphasis omitted).)

Second, Plaintiffs claim that the present suit, and their previously-dismissed suit filed in the Superior Court of New Jersey state "two [different] causes of action." (*Id.* at 9; *see* Superior Court Compl., Ex. A. to Crocker Certification *4–6, ECF No. 39-1.)[1] The Plaintiffs' Superior Court "cause of action was the unfit education [C.F.] received from Eden. The cause of action in this suit, arises out of what took place once young [C.F.] was transferred from Eden to Rutgers DDDC." (Mot. 9.) Additionally, Plaintiffs allege that the Superior Court action arose from C.F.'s improper education at Eden Autism Services while this present suit is about Eden Defendants' discrimination and retaliation against Plaintiffs after C.F. was no longer a student at Eden Autism Services. (*Id.* at 10.) To support their motion, Plaintiffs also submit as evidence excerpts of a filing from an entirely different case with a different plaintiff and different defendants. (ECF No. 81.)

## II. LEGAL STANDARD

The Courts of Appeals have jurisdiction over appeals from "final decisions" of the U.S. District Courts. 28 U.S.C. § 1291. Section 1291 limits "the normal jurisdiction of courts of appeal to the reviewing of final judgments," and it expresses the "basic and persisting policy against piecemeal appeals." *Panichella v. Pa. R.R. Co.*, 252 F.2d 452, 454–55 (3d Cir. 1958). "Generally, an order [terminating] fewer than all [pending claims] in an action or claims against fewer than all

---

[1] Page numbers preceded by an asterisk refer to the page number of the ECF header.

the parties to an action does not constitute a 'final' order for purposes of 28 U.S.C. § 1291." *Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 219 (3d Cir. 2012).

Under Federal Rule of Civil Procedure 54(b) ("Rule 54(b)"), however, "a district court may convert an order adjudicating less than an entire action to the end that it becomes a 'final' decision over which a court of appeals may exercise jurisdiction under 28 U.S.C. § 1291." *Id.* Rule 54(b) provides that

> [w]hen an action presents more than one claim for relief— whether as a claim, counterclaim, cross-claim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

The determination of whether there is "no just reason for delay" and whether to direct the entry of judgment under Rule 54(b) is within discretion of the district court. *Boer v. Borg-Warner Corp.*, 364 F.2d 907, 907 (3d Cir. 1966). "Certification under Rule 54(b) is the exception, not the norm." *Indivior Inc. v. Dr. Reddy's Labs. S.A.*, No. 17-7111, 2020 WL 4932547, at *11 (D.N.J. Aug. 24, 2020). When "the adjudicated and unadjudicated claims share significant similarities, such as involving the same parties, the same legal issues, or the same evidence, Rule 54(b) certification is disfavored[,]" and "should be used only in the infrequent harsh case as an instrument for the improved administration of justice[.]" *Id.* at 11 (internal quotation marks and citations omitted).

Alternatively, an immediate appeal of an interlocutory District Court order may also be sought pursuant to 28 U.S.C. § 1292(b). Under that rule, the judge may certify the order when he, "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may

3

materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b); *see also Simon v. United States*, 341 F.3d 193, 199 (3d Cir. 2003).

A "controlling question of law" is one where: "(1) if decided erroneously, [it] would lead to reversal on appeal; or (2) [it] is 'serious to the conduct of the litigation either practically or legally.'" *Hall v. Wyeth, Inc.*, No. 10-738, 2010 WL 4925258, at *1 (E.D. Pa. Dec. 2, 2010) (citation omitted); *see also Ensey v. Gov't Emps. Ins. Co.*, No. 12-7669, 2014 WL 12613400, at *2 (D.N.J. Aug. 18, 2014). A "'[s]ubstantial ground[] for difference of opinion'" exists where "courts that have examined an issue reach 'conflicting and contradictory opinions . . . upon the particular question of law.'" *Ensey*, 2014 WL 12613400, at *2 (ellipses in original) (quoting *Kolbeck v. Gen. Motors Corp.*, 702 F. Supp. 532, 542 (E.D. Pa. 1988)); *see also Cuttic v. Crozer–Chester Med. Ctr.*, 806 F. Supp. 2d 796, 805 (E.D. Pa. 2011) ("[S]ubstantial grounds for difference of opinion exist where there is genuine doubt or conflicting precedent as to the correct legal standard." (internal quotation marks omitted)). Additionally, "§ 1292(b) 'is to be used only in exceptional cases where an immediate appeal may avoid protracted and expensive litigation[.]'" *Sporck v. Peil*, 759 F.2d 312, 315 n.4 (3d Cir. 1985) (quoting *Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 433–34 (3d Cir. 1958)).

A court may exercise discretion to decline certification of a question for immediate appeal even if the certification criteria are met. *Ensey*, 2014 WL 12613400, at *1 (citing *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976); *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 358 (D.N.J. 2001)).

"Rule 54(b) and 28 U.S.C. [§] 1292(b) should be carefully distinguished in application because they serve different interests." *Ford Motor Credit Co. v. S. E. Barnhart & Sons, Inc.*, 664 F.2d 377, 380 (3d Cir. 1981). "Section 1292(b) permits appeals of interlocutory orders upon

4

certification by the district judge and permission by the court of appeals. It is designed to allow for early appeal of a legal ruling when resolution of the issue may provide more efficient disposition of the litigation." *Id.* "The order need not be a final one nor need it decide all of the issues with respect to one party[,]" or to all claims. *Id.*

By contrast, Rule 54(b) requires that the order be final in the sense that it disposes of one or more but fewer than all claims against a party or, in a multiple party situation, a claim against one or more but fewer than all parties. 9 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 110.09 (2d ed. 1980). The rule "permits the district judge to direct entry of judgment if there is no just reason for delay, thus making the decision appealable." *Ford Motor Credit Co.*, 664 F. 2d at 380. "No controlling legal principle need be at issue nor need the court of appeals grant permission." *Id.* "The order, however, must be a final one insofar as it decides a specific claim." *Id.*

At times, the policies behind Rule 54(b) and section 1292(b) may overlap when a final decision as to one party also involves a controlling principle of law for the litigation. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 n.2 (1980). The 1961 Advisory Committee note to Rule 54(b) recognized that § 1292(b) certification might be available in such multi-party situations, but indicated, "[t]he Rule 54(b) procedure seems preferable for those cases, and § 1292(b) should be held inapplicable to them . . . ." Fed. R. Civ. P. 54(b) advisory committee's note to 1961 amendment; *accord* 9 MOORE'S FEDERAL PRACTICE § 110.22(5) ("[i]f an order can be made appealable by a Rule 54(b) certificate, it, and not a § 1292(b) certificate, should be sought").

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se litigant, however, is not absolved of meeting the threshold statutory requirements for its

5

pleadings. *See Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (holding that pro se litigants must comply with 12(b)(6) pleading requirements).

## III. DISCUSSION

Plaintiffs here have not specified the theory under which they seek leave to appeal the District Court's Order. Defendants construe Plaintiffs' Motion as a request for certification under § 1292(b) and argue that it should be denied under that framework. (Defs.' Opp'n to Pls.' Mot. *7, ECF No. 76.) In order to construe Plaintiffs' motion expansively, the Court analyzes their claims under both § 1292(b) and Rule 54(b). *See Advanced Orthopedics & Sports Med. Inst. v. Int'l Union of Operating Eng'rs.*, No. 19-5076, 2020 WL 4345301, at *2 (D.N.J. July 29, 2020) (construing defendant's motion brought pursuant to Federal Rule of Appellate Procedure 5(a)(3) and Fed.R. Civ. P. §1292(b) to include request for Rule 54(b) certification.)

### A. Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)

In their Motion, Plaintiffs do not articulate arguments as to why the Court should certify its August 11, 2020 Order for appeal under §1292(b). Instead, they present two main objections to the Court's ruling. First, Plaintiffs argue that their claims on behalf of C.F. were not made under the IDEA, and therefore should not be barred for failure to exhaust administrative remedies. (Mot. 8.) Second, Plaintiffs argue that the Entire Controversy Doctrine should not bar their claims because the Superior Court and District Court actions differ in multiple ways. (*Id.* at 9–13.) Even construing pro se Plaintiffs' claims liberally, the Court finds, for the reasons set forth below, that neither of Plaintiffs' arguments presents a "controlling question of law as to which there is substantial ground for difference of opinion," and thus fail to meet the requirements of § 1292(b).

#### 1. Failure to Exhaust Administrative Remedies

On August 11, 2020, the Court found that, while Plaintiffs did not specifically mention either the IDEA or whether C.F. had been afforded a Free Appropriate Public Education ("FAPE")

6

in the Second Amended Complaint ("SAC"), the SAC included claims that were effectively based on the IDEA. (*See* Mem. Op. 6–8.) Plaintiffs' failure to exhaust administrative remedies, therefore, continued to bar those claims. In the Opinion, the Court noted that Plaintiffs' First Amended Complaint cited the IDEA and alleged that C.F. was denied a FAPE; the SAC essentially repeated those claims, albeit without citing to the IDEA or specifically alleging denial of a FAPE. (*See id.*) Analyzing Plaintiffs' claims under *Fry v. Napoleon Cmty Schs.*, 137 S. Ct. 743 (2017) and *Wellman v. Butler Area Sch. Dist.*, 877 F. 3d 125 (3d Cir. 2017), the Court found that the gravamen of Plaintiffs' claims (as to C.F. only) could only arise from C.F.'s alleged denial of a FAPE and therefore the IDEA. (*See id.* at 6–7.) Nothing in Plaintiffs' present Motion justifies "a substantial ground for difference of opinion" on this finding such that an immediate appeal is necessary to resolve it. Nor would such an appeal materially advance the ultimate termination of the litigation.

### 2. Dismissal of Plaintiffs' Claims Under the Entire Controversy Doctrine

As to Plaintiffs' second claim, the Court found in its August 2020 Opinion that the District Court and Superior Court suits, while not identical, arise out of a common set of facts. (*Id.* at 9.) Both relate to the same alleged harms suffered by Dawidoicz or C.F. over roughly the same period of time. The Court noted some distinctions between the two actions, including the addition of Rachel Tait as a Defendant in this action, and some changes to the allegations. (*Id.*) But this did not rebut the basic fact that they "arise from related facts" and "from the same transaction or series of transactions[,]" thus making them subject to the Entire Controversy Doctrine. *Coleman v. Chase Home Fin., LLC*, 446 F. App'x 469, 471–72 (3d Cir. 2011).

There is no substantial difference of opinion regarding the Entire Controversy Doctrine. Under the Full Faith and Credit statute, "judicial proceedings of any court of any such State . . .

7

shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. "In other words, a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give." *Rycoline Prods., Inc. v. C&W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997) (internal quotation marks and citations omitted). Accordingly, New Jersey federal courts are bound by the Entire Controversy Doctrine. *Id.* Plaintiffs here offer no argument or legal authority, nor does the Court find any upon its review, suggesting "a substantial ground for difference of opinion" that would justify an immediate appeal of the Court's finding.

Lastly, an immediate appeal will not materially advance the ultimate termination of the litigation. Neither of the issues raised by Plaintiffs relate to, nor would they resolve the remaining claims against the remaining Defendants. This factor weighs against § 1292(b) certification. Reviewing all of the relevant factors, the Court finds no basis for certification under § 1292(b).

### B. Certification of Final Judgment Pursuant to Rule 54(b)

The first step in evaluating the appropriateness of a certification under Rule 54(b) is to determine whether the judgment for which certification is being sought is "final" with respect to one of the claims in the case. *Curtiss-Wright*, 446 U.S. at 7 (internal citations omitted). The decision must be "a [']judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Skoorka v. Kean Univ.*, No. 09-3428, 2014 WL 59744, at *3 (D.N.J. Jan. 6, 2014) (quoting *Curtiss-Wright*, 446 U.S. at 7). Here, the Court dismissed Plaintiffs' claims against Eden Defendants. (ECF No. 70.) Accordingly, the August 2020 Order Plaintiffs seek to appeal is a final judgment and "a decision upon a cognizable claim

for relief." *Skoorka*, 2014 WL 59744, at *3. The Court's ruling is thus a "final order" for purposes of Rule 54(b).

The second step is to determine whether there is no "just reason for delay" in entering partial judgment. *Elliott*, 682 F.3d at 220. This requirement "is not merely formalistic[,]" *id.*, but rather depends on an evaluation of factors including:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006) (citing *Allis–Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975), *abrogated on other grounds by Curtiss-Wright Corp.*, 446 U.S. at 9). "Courts have placed particular emphasis on the first factor." *Nafar v. Hollywood Tanning Sys., Inc.*, No. 06-3826, 2011 WL 830286, at *2 (D.N.J. Mar. 2, 2011) (citing *Amboy Bancorporation v. Jenkens & Gilchrist*, No. 02-5410, 2009 WL 4117355, at *2 (D.N.J. Nov.18, 2009)).

Here, the Court concludes there is "just reason for delay" in entering partial final judgment for the reasons set forth below.

"Where the adjudicated and unadjudicated claims share significant similarities, such as involving the same parties, the same legal issues, or the same evidence, Rule 54(b) certification is disfavored." *Indivior*, 2020 WL 4932547, at *12. Because Plaintiffs' claims against Eden Defendants involve the same legal issues and the same evidence as the unadjudicated claims, the first factor weighs against granting partial final judgment. (*See generally* SAC, ECF No. 53.)

Plaintiffs' legal claims against all defendants include, *inter alia*, discrimination, harassment, intentional infliction of emotional distress, and intimidation. (*Id.* at 9–10.) Plaintiffs' claims against all defendants arise from a similar set of facts and include the same evidence. (*See generally id.*) Thus, Rule 54(b) certification is disfavored.

Under the second factor, the test is whether "resolution of additional issues . . . would reach back to alter or moot the rulings made thus far as to the [decision here]." *Indivior*, 2020 WL 4932547, at *13. Here, the resolution of additional issues with the remaining defendants could conceivably alter or moot the claims against Eden Defendants. Given the significant similarities between the adjudicated and unadjudicated claims here, the discovery process and litigation of additional issues could render moot or otherwise alter the basis for this appeal. This factor, therefore, weighs strongly against granting partial final judgment under Rule 54(b).

Consideration of the third factor is intended to ensure the court "take[s] into account judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. This factor also weighs against granting final partial judgment. In the event there is an appeal of the Court's final disposition of this case (by any party), the Third Circuit could be called upon to review the facts in this case twice, contrary to the "historic federal policy against piecemeal appeals." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956).

Given the strong weight of the first three factors against certification, it is clear that Plaintiffs cannot satisfy the second prong of the *Curtiss-Wright* test. The Court finds, therefore, that granting Plaintiffs' Motion pursuant to Rule 54(b) would be inappropriate. Doing so would not serve the purposes embodied in Rule 54(b), nor constitute an appropriate use of judicial resources. Plaintiffs have not presented, nor does the Court find, sufficient justification to

overcome the well-established policy against piecemeal appeals. The Court, accordingly, denies Plaintiffs' Motion for Leave to Appeal.

## IV. CONCLUSION

The Court finds an insufficient basis for certification of an immediate appeal under either 28 U.S.C. § 1292(b) or Rule 54(b), and therefore denies Plaintiffs' Motion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE