UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAUREN DAWIDOICZ, *et al.*, | : |
| Plaintiffs, | : Civil Action No. 18-3285 (MAS)(DEA) |
| v. | : **MEMORANDUM & ORDER** |
| RUTGERS UNIVERSITY*, et al.* | : |
| Defendants. | : |

This matter comes before the Court by way of a motion by *pro se* Plaintiff Lauren Dawidoicz asking the Court to deem service of process effective as to Defendant Kayla Conlon. ECF No. 110. Plaintiff has not directly served Conlon with process, but rather has sent the Summons and Complaint by certified mail to Conlon's attorney, Alexander J. Rinaldi, Esq. Plaintiff contends that this is effective service because she was instructed by Rinaldi not to communicate with Conlon directly, but to send all communications from Plaintiff to Conlon to his office. The Court considers the motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons below, Plaintiff's motion is denied.

I.  BACKGROUND

According to Plaintiff, in or about November 2019 Plaintiff served Conlon--then a non-party--with a deposition subpoena. The subpoena was delivered to what the Court presumes was Conlon's home address by the Warren County Sheriff's Office.  In response to service of the deposition subpoena, Plaintiff received a letter from Rinaldi that reads in relevant part as follows:

> It appears that you may have violated a direct Order entered on the record of October 17, 2017 before the Hon. Mary Casey, J.M.C. of the New Brunswick Municipal Court by communicating directly with my client. …
>
> Therefore, **YOU ARE HEREBY PUT ON NOTICE**, to refrain from any further contact and/or communication with my client Ms. Kayla Conlon. All communications are to be sent to my office.

ECF No. 110-1 (emphasis in original).

In or about early 2021, Conlon was added as a Defendant in this case, and Plaintiff sought to serve a Summons and the Third Amended Complaint on Conlon. As a result of Rinaldi's previous instruction that Plaintiff was to "refrain from any further contact and/or communication with [his] client Ms. Kayla Conlon," and, further, that "[a]ll communications [were] to be sent to [Rinaldi's] office", Plaintiff attempted to serve Conlon by sending the summons and Third Amended Complaint to Rinaldi by certified mail. *See* ECF No. 110. Plaintiff states that she sent the materials four times by certified mail. *Id.*, *see also* ECF No. 114. Receipt of these materials eventually prompted a second letter from Rinaldi dated May 28, 2021, which was copied to the Court. *See* ECF No. 102. That letter reads as follows:

> It appears that you have attempted to serve Ms. Conlon with your Third Amended Complaint, Request for Production of Documents and Interrogatories, via our office.
>
> Please be advised that this is not effective service upon the defendant, Kayla Conlon.
>
> This law firm has not been retained in the matter.
>
> Therefore, you must serve Ms. Conlon directly.

ECF No. 102.

Plaintiff contends that the Court should deem service effective on Conlon because Plaintiff has shown "a good faith effort to serve Conlon with the summons and Complaint." ECF No. 110.

In response to the instant motion, Rinaldi submitted a Certification in which he advises the Court that he was counsel to Conlon in the matter of *Conlon v. Rutgers The State University of New Jersey, et al.*, Civil No. 18-15770 (D.N.J.). *See* ECF No. 112. He further states that his communications with Plaintiff "were intended to inform Ms. Dawidoiccz that [Rinaldi] was only the attorney for Ms. Conlon" in that earlier matter, and that Conlon has advised him that she will not be retaining him or his firm with respect to this matter. *Id.* To the best of Rinaldi's knowledge, no personal service has been effected on Conlon. *Id.*

In her reply to Rinaldi's opposition, Plaintiff contends that Rinaldi "stated to [Plaintiff] that he was Conlon's Attorney and would be accepting any mail" on Conlon's behalf. ECF No. 114. Plaintiff argues that her mailing to Rinaldi should be deemed effective service because Rinaldi advised Plaintiff he would be "accepting" Conlon's mail on her behalf, Rinaldi never "reached out to [Plaintiff] to tell her it wasn't effective service", and he "never returned any of the mail sent." *Id.*

II.  ANALYSIS

Courts cannot exercise jurisdiction over a party that has not been properly served in conformity with Rule 4 of the Federal Rules of Civil Procedure. *See Adams v. Allied Signal Gen. Aviation Avionics,* 74 F.3d 882, 886 (8th Cir.1996); *Eastman Kodak Co. v. Studiengesellschaft Kohle mbH,* 392 F.Supp. 1152, 1154 (D. Del. 1975) ("Service of process on a [defendant] is the procedural incident of the assertion of a court's jurisdiction over it."). Where there is a question

as to the validity of service, the burden of proof of service lies on "the party asserting the validity of service." *Grand Entm't Group v. Star Media Sales,* 988 F.2d 476, 488 (3d Cir.1993).

Pursuant to Federal Rule of Civil Procedure 4(e), an individual within a judicial district of the United States may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The New Jersey Rules of Court provide the applicable state law for service of process on individuals. Under N.J. Ct. R. 4:4–4:

> (a) The primary method of obtaining *in personam* jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State pursuant to R. 4:4-3, as follows:
>
>> (1) Upon a competent individual … by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf.

N.J. Ct. R. 4:4-4(a).

Under the New Jersey Court Rules, service by mail within the state is permitted only under specific circumstances. A plaintiff may attempt initial service of process by mail, but such service is valid only if the defendant answers or otherwise appears in the action. "If defendant

4

does not answer or appear within 60 days following mailed service, service shall be made as is otherwise prescribed by [Rule 4:4 of the New Jersey Court Rules]." N.J. Ct. R. 4:4-4(c). Also, service of an individual by registered or certified mail in New Jersey is permitted where "personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service." N.J. Ct. R. 4:4-3(a); *see also U.S. Bank Nat'l Ass'n v. Curcio*, 130 A.3d 1269, 1276 (N.J. Super. Ct. App. Div. 2016).

The Court finds that Plaintiff has not effected service in accordance with Fed. R. Civ. P. 4(e)(2) and N.J. Ct. R. 4:4-4(a)(1). Plaintiff did not serve Conlon personally and did not leave a copy of the Summons and Complaint at Conlon's dwelling or usual place of abode with a suitable individual. Implicit in Plaintiff's argument is the assertion that Rinaldi was Conlon's authorized agent for service of process. Agency appointment for purposes of service of process usually requires an "actual appointment for the specific purpose of receiving process." *Nyholm v. Pryce*, 259 F.R.D. 101, 104 (D.N.J. 2009). To determine whether an actual appointment existed, courts will generally

> look to the circumstances of the agency relationship, and although authority to accept process need not be explicit, it must be either expressed or implied from the type of relationship between the [Defendant] and the alleged agent ... [and] there must be evidence that [Defendant] intended to confer such authority upon the agent. The requisite intent may be implied from ... the circumstances surrounding the service upon the agent.

*Id.* The burden is on a plaintiff to establish that an agency relationship exists. *Id.*

The Court need not reach the agency question, however, because Plaintiff's only attempts at effectuating service were by certified mail. As noted above, service by certified mail is proper under New Jersey rules only after Plaintiff has made a reasonable and good faith attempt at personal service. It appears here that, prior to mailing the Summons and Complaint, Plaintiff

5

made no attempt at personal service. This is a prerequisite to proper service by certified mail. The Court, therefore, finds Plaintiff's alleged service upon Rinaldi to be ineffective.

III. CONCLUSION AND ORDER

The Court has carefully considered the submissions of the parties. For the reasons set forth above,

**IT IS** on this 30th day of March 2022,

**ORDERED** that Plaintiff's motion [ECF No. 110] is DENIED; and it is further

**ORDERED** that Plaintiff's deadline to serve Conlon is extended to April 15, 2022;[1] and it is

**ORDERED** that the Clerk is to terminate ECF No. 110.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge

---

[1] A review of the docket reflects that Plaintiff requested and was issued a new Summons for Conlon on February 23, 2022.

6