**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAUREN DAWIDOICZ,<br><br>                Plaintiff,<br><br>      v.<br><br>RUTGERS UNIVERSITY, *et al.*,<br><br>                Defendants. | Civil Action No. 18-3285 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court upon Defendant Manville Board of Education's ("Manville Defendant") and Defendants Rutgers, The State University of New Jersey; Rutgers Douglass Developmental Disabilities Center ("DDDC"); Rutgers Graduate School of Applied and Professional Psychology; Rutgers University Ethics and Compliance Office; Rutgers Outreach; and Rutgers Office of Employment Equity's (collectively, "Rutgers Defendants," and together with "Manville Defendant," "Defendants") Motions for Summary Judgment (ECF Nos. 140, 142).[1] Pro se Plaintiff Lauren Dawidoicz ("Plaintiff") opposed Rutgers Defendants' Motion (ECF No. 147), and Rutgers Defendants replied (ECF No. 150). The Court has carefully considered the parties' arguments and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, the Court grants Manville Defendant's and Rutgers Defendants' Motions for Summary Judgment.

---

[1] The moving briefs by Manville Defendant and Rutgers Defendants raise many of the same arguments. The Court, accordingly, considers both Motions together.

I.      **BACKGROUND**[2]

On November 6, 2017, Plaintiff, on behalf of herself as guardian to her autistic minor child (hereafter referred to as "C.F."), initiated an action against Eden Autism Services ("Eden") in the Superior Court of New Jersey, Mercer County. (*See generally* Compl., *Dawidoicz v. Eden Autism Servs.*, No. 002553-17 (N.J. Super. Ct. Nov. 6, 2017), Ex. A to Crocker Cert., ECF No. 39-1 at *4-8.)[3] Plaintiff alleged that: (1) "Eden misrepresented what the school does" (*id.* at *4); (2) "[Eden] didn't give [C.F.] an appropriate education" (*id.*); (3) Eden forced C.F. to use an iPad, which led Plaintiff to "pull [C.F.] from the school" (*id.*); (4) Eden called Rutgers DDDC and defamed Plaintiff (*id.* at *5); (5) Eden called the Division of Family Services and slandered Plaintiff (*id.*); and Eden intimidated Plaintiff with cease-and-desist letters (*id.*). The Superior Court granted summary judgment in favor of Eden on July 5, 2019 and dismissed Plaintiff's claims. (Summ. J. Order, Ex. A to Jan. 2, 2020 Crocker Cert., ECF No. 58-1 at *4; *see also* Tr. of Mot. 36, Ex. B to Jan. 2, 2020 Crocker Cert., ECF No. 58-1 at *6-25.)

In January 2019, Plaintiff filed the First Amended Complaint ("FAC") before this Court against Rutgers Defendants, Manville Defendant, and Eden alleging the following claims: (1) negligent misrepresentation for failure to properly investigate; (2) breach of contract for excluding C.F. from the program and withholding activities while C.F. was in the program; (3) violation of C.F.'s right to a free appropriate public education ("FAPE") and breach of contract; (4) educational and professional malpractice for violating C.F.'s right to a FAPE; (5) criminal conspiracy between the schools with intent to cause Plaintiff harm; (6) retaliation; (7) assault; (8)

---

[2] The Court adopts the factual background as recited in its October 31, 2019 Memorandum Opinion (the "First Opinion," ECF No. 49) and only provides additional background and procedural information where relevant for the instant motions.

[3] Page numbers preceded by an asterisk refer to the page number atop the ECF header.

harassment; (9) defamation; (10) discrimination based on sexual orientation; and (11) emotional distress. (FAC at *9-10, ECF No. 28.) In its First Opinion, the Court dismissed Plaintiff's claims seeking relief for the denial of a FAPE because Plaintiff failed to exhaust the administrative remedies available under the Individuals with Intellectual Disabilities Act ("IDEA"). (First Op. 8; *see* Oct. 31, 2019 Order ¶¶ 1-2, ECF No. 50.) The Court granted Plaintiff "a final opportunity to amend [her] complaint to plead a basis for subject matter jurisdiction." (First Op. 8.)

In November 2019, Plaintiff filed the Second Amended Complaint ("SAC"), asserting the following claims, some for the first time: (1) "Retaliation and Discrimination for exercising First Amendment rights advocating for C.F."; (2) "Discrimination and Violating Constitutional rights to equal protection based on Sexual Orientation of [Plaintiff]"; (3) "Conspiracy with specific and malicious intent to cause harm to both [Plaintiff and C.F.]"; (4) "Negligent Misrepresentation for failure to properly investigate"; (5) "Intentional Misrepresentation for failure to properly investigate"; (6) negligent supervision; (7) "Retaliation for exercising First Amendment rights with Facebook post"; (8) defamation; (9) false light; (10) "Intentional infliction of emotional distress [as] to both [Plaintiff and C.F.]"; (11) "Harassment and Intimidation"; and (12) "Sexual Harassment." (SAC 9-10, ECF No. 53.) In its August 11, 2020 Memorandum Opinion ("Second Opinion"), the Court granted Eden and defendant Rachel Tait's (collectively, "Eden Defendants") Motion to Dismiss based on Plaintiff's failure to exhaust administrative remedies or because Plaintiff's claims were barred by the Entire Controversy Doctrine; the Court also granted Manville Defendants' Motion to Dismiss all claims on behalf of C.F. because those claims alleged the denial of a FAPE, and again, Plaintiff failed to exhaust administrative remedies. (Second Op. 10-11, ECF No. 69.) Shortly thereafter, Plaintiff filed a Motion for Leave to Appeal Order Dismissing Eden Defendants (ECF No. 74), which the Court denied in its April 29, 2021 Memorandum Opinion ("Third Opinion," ECF No. 93).

3

In August 2020, Plaintiff filed the Third Amended Complaint ("TAC," ECF No. 85).[4] The TAC asserts the following claims: retaliation and discrimination for exercising First Amendment rights advocating for C.F. against Manville Defendant and Defendant Rutgers Outreach (*Count I*); discrimination and violating constitutional rights to equal protection based on Plaintiff's sexual orientation against Defendants (*Count II*); conspiracy with specific and malicious intent to cause harm to Plaintiff against Defendants (*Count III*); negligent misrepresentation for failure to properly investigate against Rutgers Defendants (*Count IV*); intentional misrepresentation for failure to properly investigate against Rutgers Defendants (*Count V*); negligent supervision against Rutgers Defendants (*Count VI*); defamation against Defendants (*Count VII*); false light against Defendants (*Count VIII*); intentional infliction of emotional distress to Plaintiff against Defendants (*Count IX*); and harassment and intimidation against Defendants (*Count X*).[5]

Now before the Court are the instant Motions for Summary Judgment seeking dismissal of the TAC in its entirety.

## II.  **LEGAL STANDARD**

"[A]lthough pro se pleadings and filings must be 'construed liberally,' the same summary judgment standard applies to pro se litigants." *Dinnerstein v. Burlington Cnty. Coll.*, No. 13-5598, 2017 WL 5593776, at *4 (D.N.J. Nov. 21, 2017), *aff'd*, 764 F. App'x 214 (3d Cir. 2019) (quoting *Bank of Nova Scotia v. Ross*, No. 2010-118, 2012 WL 4854776, at *3 (D.V.I. Oct. 12, 2012)). Federal Rule of Civil Procedure 56(a)[6] provides that summary judgment should be granted "if the

---

[4] Plaintiff's TAC no longer names Manville Board of Education employee, Nancy Kessler, as a defendant. (*See generally* TAC.) To the extent Plaintiff still considers Nancy Kessler to be a party, the Court dismisses Nancy Kessler from this action.

[5] Plaintiff's TAC does not set forth numbered counts, so for clarity, the Court assigns numbers to the counts Plaintiff asserts on page eight of the TAC. (*See id.* 8.)

[6] Hereinafter, all references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000).[7] In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine dispute of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine dispute as to a material fact for trial. *Anderson*, 477 U.S. at 247-48; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine disputes of material fact exist). "[U]nsupported allegations in . . . pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

---

[7] Plaintiff did not respond to Manville Defendant's Motion for Summary Judgment. "Where, as in the instant case, a summary judgment motion is unopposed, Rule 56(e)(3) still requires the Court to satisfy itself that summary judgment is proper because there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law." *Hines v. Lanigan*, No. 17-2864, 2021 WL 4963252, at *1 (D.N.J. Oct. 26, 2021) (citation omitted).

party will bear the burden of proof at trial[,] . . . there can be 'no genuine [dispute] of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

In deciding a motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter but to determine whether there is a genuine dispute for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the fact finder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). The summary judgment standard, however, does not operate in a vacuum. "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254.

### III.   **DISCUSSION**

As a threshold matter, the Court finds that Plaintiff has failed to properly follow the relevant civil procedure rules in her filings. Rule 56(c)(1)(A) provides that any party asserting that a fact is or is not in dispute must support that assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials." If a party fails to follow Rule 56(c), courts may "(1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e).

Local Civil Rule 56.1(a) supplements the federal rules. It provides, in pertinent part:

> The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and

6

> other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion. In addition, the opponent may also furnish a supplemental statement of disputed material facts, in separately numbered paragraphs citing to the affidavits and other documents submitted in connection with the motion, if necessary to substantiate the factual basis for opposition. . . . Each statement of material facts shall be a separate document (not part of a brief) and shall not contain legal argument or conclusions of law.

*See* L. Civ. R. 56.1(a). "Merely stating in the opposition papers that the non-movant disputes in general many of the facts put forward by the movant, without identifying the facts disputed and without pointing to evidence in the record that raises [a dispute] of fact regarding that point, is insufficient to survive summary judgment." *Malik v. Hannah*, 799 F. Supp. 2d 355, 358 (D.N.J. 2011). Failure to comply with Local Civil Rule 56.1 is not fatal in and of itself. *See Boswell v. Eoon*, 452 F. App'x 107, 111-12 (3d Cir. 2011). Nonetheless, courts may deem certain facts as undisputed where a party fails to make specific citations to evidence in the record. Fed. R. Civ. P. 56(e)(2).

Here, Plaintiff has failed to comply with both the federal rule and the local rule and, as such, fails to create a genuine dispute of material facts. First, Plaintiff failed to file a responsive statement to either Manville Defendant's Statement of Facts (ECF No. 140-4) or to Rutgers Defendants' Statement of Material Facts (ECF No. 142-2). "Thus, Plaintiff did not dispute any of the material facts asserted by Defendants, and Defendants' [Local Civil Rule] 56.1 [s]tatement[s] [are] deemed undisputed for purposes of the summary judgment motion. Plaintiff has thus failed to raise any material factual dispute and has failed to defeat Defendants' motion for summary judgment." *Callahan v. U.S. Postal Serv.*, No. 13-3147, 2014 WL 2999066, at *2 (D.N.J. June 25, 2014); *see also Ballard v. AT&T Mobility, Inc.*, No. 15-8808, 2017 WL 3671313, at *8 n.37 (D.N.J. Aug. 25, 2017) (granting summary judgment in part where "[t]he lack of disputed facts [was] largely attributable to Plaintiff's failure to adhere to Local Civil Rule 56.1(a)"). In addition, "to

7

defeat a motion for summary judgment, the nonmoving party must present competent evidence that would be admissible at trial." *Robinson v. N.J. State Police*, No. 11-6070, 2012 WL 5944298, at *1 (D.N.J. Nov. 27, 2012) (citing *Stelwagon Mfg. Co. v. Tarmac Roofing Sys.*, 63 F.3d 1267, 1275 n.17 (3d Cir. 1995)). Plaintiff has failed to comply with this requirement as well. Specifically, Plaintiff failed to support her statements with any competent evidence supported by sworn affidavit, and thus, the Court declines to consider them, adding fodder to the Court's decision to consider Defendants' Local Civil Rule 56.1 statements undisputed. *See Ballard*, 2017 WL 3671313, at *8 n.34 ("These two statements, however, are unsworn statements. The Court, therefore, declines to consider these statements for the purpose of th[ese] Motion[s], and deem Defendants' [Statements of Undisputed Material Facts] undisputed."); *see also Woloszyn v. County of Lawrence*, 396 F.3d 314, 323 (3d Cir. 2005) (upholding district court's refusal to consider unsworn statement in determining motion for summary judgment, reasoning that "since the statement was not in affidavit form, it was not sufficient . . . to rely upon").

Even if this Court were to overlook Plaintiff's procedural failures and consider the evidence that Plaintiff has submitted, the decision would be the same. Upon review of the entirety of Plaintiff's allegations pertaining to Defendants and considering them in the light most favorable to Plaintiff, the Court finds them to be conclusory and insufficient to raise a material dispute of fact. *FPM Fin. Servs., LLC v. Redline Prods., Ltd.*, No. 10-6118, 2013 WL 5288005, at *4 (D.N.J. Sept. 17, 2013) ("[A] party does not raise a genuine [dispute] of material fact by speculation and conclusory allegations."). Take Plaintiff's First Amendment claim (*Count I*). None of the chain of events detailed by Plaintiff that seem relevant to such a claim—including her removal of C.F. from Eden; the alleged request that she be removed from a parent-run Facebook group; her criticism of Eden publicly on the social media platform; the alleged claim that Eden called Child Protective Services to report Plaintiff; and Eden's call to Rutgers DDDC to inform the group of safety

8

concerns regarding Plaintiff—implicate Manville Defendant in any relevant capacity. (*See* Manville Def.'s Moving Br. 8, ECF No. 140-3.)

Plaintiff's First Amendment claim against Rutgers Defendants fares no better. For example, Rutgers Defendants surmise that "[t]he events supporting the [First Amendment] claim, to the extent decipherable, all occurred on or before December 2016, when the decision was made that Plaintiff's son would leave DDDC." (*See* Rutgers Defs.' Moving Br. 5, ECF No. 142-1.) As such, they contend that this claim is time barred by the two-year statute of limitations for a First Amendment claim. (*Id.*) Turning to the merits of the claim, Rutgers Defendants note that "it is difficult to determine what constitutionally protected conduct Plaintiff is alleging," such as specifically which speech or conduct is entitled to First Amendment protection, and that as such, Plaintiff cannot meet her threshold requirement as to even the first element of a First Amendment claim. (*Id.* 6.) It is clear that Rutgers Defendants are unaware of exactly which events support Plaintiff's conclusory allegations against them, and the Court agrees that Plaintiff's lack of specificity, which comes with it the Court's inability to properly assess the statute-of-limitations at play, bars Plaintiff's First Amendment claim entirely. *See George v. Rehiel*, 738 F.3d 562, 585 (3d Cir. 2013) ("The threshold requirement is that the plaintiff identify the protected activity that allegedly spurred the retaliation.").

Indeed, the Court shares Rutgers Defendants' confusion as to each of Plaintiff's claims, the remainder of which suffer from these same defects.[8] *See Friedfertig Fam. P'ship 2 v. Lofberg*, No. 13-1546, 2013 WL 6623896, at *3 (D.N.J. Dec. 13, 2013) ("Neither the Court nor [d]efendant should be required to guess which particular claims are being asserted on the basis of which events and/or to sift through the allegations to piece together those claims."); *see also Cevdet Aksut Ogullari Koll. Sti v. Cavusoglu*, No. 14-3362, 2018 WL 482453, at *8 (D.N.J. Jan. 19, 2018), *aff'd sub nom. Cevdet Aksut Ve Ogullari Koll. Sti v. Cavusoglu*, 756 F. App'x 119 (3d Cir. 2018) ("It is Plaintiff's responsibility to prosecute [her] case."); *Dinnerstein*, 2017 WL 5593776, at *4 (D.N.J. Nov. 21, 2017) ("Proceeding *pro se* does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions unsupported by evidence, are insufficient to overcome a motion for summary judgment.") (citations omitted). Many of Plaintiff's allegations and her opposition revolve around communications with prosecutors and police officers concerning her fears that she or her son were being followed (Pl.'s Opp'n Br. 9-11 (*i.e.*, "[Plaintiff] was scared that she was being followed."), ECF No. 147-1), and her attempted romantic relationship with, and subsequent litigation history against, one of C.F.'s instructors at DDDC named Kayla Conlon ("Conlon") (*id.* at 4-6 (*i.e.*, "Seven months [Plaintiff] held back, so when she did reciprocate Conlon's advances, she gave her a mouth full.")). None of these

---

[8] The Court notes that Plaintiff has failed to respond to any of Rutgers Defendants' arguments apart from those pertaining to the statute of limitations for her First Amendment claims and her failure to file a tort claim notice. (*See* Rutgers Defs.' Reply Br. 1, ECF No. 150.) As such, the Court considers to be abandoned Plaintiff's claims that Rutgers Defendants challenge in Sections III-VI and VIII-XI of Rutgers' Defendants' Moving Brief. *See Uddoh v. Selective Ins. Co. of Am.*, No. 12-419, 2014 WL 7404540, at *7 (D.N.J. Dec. 29, 2014) ("In his opposition and reply briefs, [p]laintiff failed to address [d]efendant's arguments regarding the re-rating claim and state law causes of action. The Court deems these claims to be abandoned as a result."); *Stankevicius v. Town of Harrison*, No. 18-9649, 2022 WL 3273872, at *4 n.6 (D.N.J. Aug. 10, 2022) ("Plaintiff failed to address these arguments in opposition [to motion for summary judgment], which constitutes abandonment.").

allegations appear relevant to the claims against Defendants at issue, let alone enough to create a genuine dispute of material fact on any of Plaintiff's claims. The Court's own holistic review of the discovery in this matter buttresses the Court's conclusion that no genuine dispute of material fact exists as to any count.

The Court finds, therefore, that summary judgment is appropriate.

IV.  **CONCLUSION**

For the foregoing reasons, the Court grants Defendants' Motions for Summary Judgment.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**